UNITED STATES, Appellee,

v.

Sergeant Aubrey D. CHAPMAN, 587–17–2808, United States Army, Appellant.

ACMR 8701693.

U.S. Army Court of Military Review.

28 March 1988.

---

5. *See United States v. Rehberg,* 15 M.J. 691 (A.F. C.M.R.), *petition denied,* 16 M.J. 185 (C.M.A. 1983).

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Richard J. Anderson, JAGC, Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Bryant G. Snee, JAGC (on brief).

Before COKER, KENNETT and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

COKER, Senior Judge:

Appellant was tried by military judge sitting as a general court-martial. Contrary to his pleas, he was convicted of willfully disobeying a lawful command and wrongful appropriation of government property valued at $355.00, violations of Articles 90 and 121, Uniform Code of Military Justice, 10 U.S.C. secs. 890 and 921 (1982) [hereinafter UCMJ], respectively. In addition, he was convicted in accordance with his pleas of absence without leave for less than thirty days in violation of Article 86, UCMJ, 10 U.S.C. § 886. His sentence of a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1 was approved by the convening authority.

Before this court appellant alleges that the evidence was insufficient to sustain the finding of guilty of wrongful appropriation and that the disobedience and wrongful appropriation offenses were multiplicious for findings. We find these allegations to be without merit. Appellant further alleges that he was denied proper credit against his adjudged sentence to confinement for days served in pretrial confinement in violation of Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984] Rule for Courts–Martial [hereinafter R.C.M.] 305. With this allegation we agree.

Appellant was arrested on 20 May 1987 as a military deserter by Mobile, Alabama, police authorities. On 26 May, military authorities took him to Fort Rucker, Alabama. On 27 May, appellant was transported to Fort Benning, Georgia, and finally, on 5 June, taken to Fort Polk, Louisiana. On 29 May, while at Fort Benning, appellant requested to speak to an attorney, but his request was denied. On 5 June, appellant's company commander performed the review for determining the need for continued pretrial confinement as

required by R.C.M. 305(h).[1] The review and hearing by a magistrate to determine the need for continued pretrial confinement as required by R.C.M. 305(i)[2] was conducted on 10 June. Counsel was provided to appellant as required by R.C.M. 305(f)[3] at Fort Polk and before the magistrate's hearing. The military judge found appellant's custodial status from 20 May until his trial constituted sixty-nine continuous days of pretrial confinement.

The military judge ruled that appellant was to be credited with sixty-nine days on his adjudged sentence to confinement in accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A.1984). He found that although the government had not complied with the time limits of R.C.M. 305(h) and (i), no additional credit was required under R.C.M. 305(k)[4] because the confinement was not "served as the result of the government's noncompliance." In essence, the military judge determined that if pretrial confinement is warranted, and a magistrate at some time approves its continuance, then the entire period of pretrial confinement is a result of the appropriate need for pretrial confinement and not a result of the government's noncompliance with the procedural rules. If this were the law, there would be no need for or purpose to R.C.M. 305(k). It is, however, not the law.

■ We recognize that time in custody incident to apprehension by civil authorities, when such custody is at the request of military authorities, is subject to *Allen* credit against a sentence to confinement. *United States v. Davis*, 22 M.J. 557 (A.C. M.R.1986). Such custodial time, however, is not subject to additional credit under R.C.M. 305(k) absent evidence of bad faith by military authorities in utilizing the civilian custody. *United States v. Ballasteros*, 25 M.J. 891 (A.C.M.R.1988). In the case before the court, any determination of noncompliance with R.C.M. 305 must be calculated from 26 May 1987, the day military authorities first exercised control over appellant. *United States v. DeLoatch*, 25 M.J. 718, 719 n. 2 (A.C.M.R.1987). Administrative credit under R.C.M. 305(k) for noncompliance with R.C.M. 305(i) will not include the first six days of confinement preceding a proper but delayed review in days of confinement preceding a proper but delayed review in accordance with R.C.M. 305(i). *DeLoatch*, 25 M.J. at 719.

■ While the ultimate commander (appellant's company commander at Fort Polk) who approved the pretrial confinement did not do so until 5 June, eight days later than required under R.C.M. 305(h), we are satisfied that an appropriate commander did so on 26 May at Fort Rucker and again on 27 May at Fort Benning. Our concern is with the denial of appellant's request to speak to an attorney on 29 May. Compliance with R.C.M. 305(h) and (i) undoubtedly would have taken place sooner if the request had been granted. While provision of counsel to appellant at Fort Polk prior to the R.C. M. 305(i) review may have been technical compliance with R.C.M. 305(f), denial of appellant's request on 29 May was, at least, noncompliance with the spirit and purpose of R.C.M. 305(f). We will, therefore, grant administrative credit against the sentence to confinement from 30 May through 9 June. *See DeLoatch* and *Gregory*, both *supra; cf. United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983). This cred-

---

1. This rule requires the commander of a prisoner to be informed of the commitment within 24 hours. R.C.M. 305(h)(1). The commander must thereafter decide within 72 hours whether pretrial confinement will continue and must prepare and forward a written memorandum to the reviewing magistrate stating the reasons for continued pretrial confinement. R.C.M. 305(h)(2)(A)–(C).

2. R.C.M. 305(i) requires a review within seven days of the imposition of confinement of the adequacy of probable cause to believe that the prisoner has committed an offense and the necessity for continued pretrial confinement.

3. R.C.M. 305(f) requires that a prisoner be provided military counsel, if requested, prior to the magistrate's review under R.C.M. 305(i).

4. R.C.M. 305(k) requires day-for-day credit for any confinement "served as the result of such noncompliance" with R.C.M. 305(f), (h), (i), or (j). *United States v. Gregory*, 21 M.J. 952 (A.C. M.R.), *affirmed*, 23 M.J. 246 (C.M.A.1986) (summary disposition).

ited period of time is a result of the government's noncompliance with R.C.M. 305(h) and (i) and its tardy compliance with R.C.M. 305(f). The period 30 May through 9 June cannot be regularized by a subsequent but delayed review under R.C.M. 305(i). That review regularizes only the time following the review, and six of the days prior to the delayed review. Otherwise, it does not have a retroactive effect. In this case, two of those prior days are not regularized due to the denial of appellant's request to speak to an attorney.

Accordingly, the findings of guilty and the sentence are affirmed. Because confinement has been served, appellant shall receive an eleven day administrative credit against the approved sentence to forfeitures.

Judge KENNETT and Judge ROBBLEE concur.