**UNITED STATES**

v.

**Sergeant Jeffrey W. DAVIS, FR 101–62–8314, United States Air Force.**

**ACM S28168.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Aug. 1989.

Decided 29 Dec. 1989.

---

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Lynne H. Wetzell and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Major Terry M. Petrie.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

While transferring on a permanent change of station from Germany to Shaw Air Force Base, South Carolina, the appellant was absent without leave for some 70 days. New York civilian authorities arrested him; he then was held at Griffiss Air Force Base in upstate New York until authorities from Shaw arrived.

The appellant's pretrial confinement at Griffiss was not reviewed within seven days, as mandated by R.C.M. 305(i). At trial, the defense requested relief, pointing out that R.C.M. 305(k) requires a one day credit for each day of confinement served as a result of noncompliance.

The military judge agreed that no R.C.M. 305(k) pretrial confinement hearing was held within the requisite seven days; he further found that no hearing was held until 18 days had elapsed. Rather than awarding the one-for-one credit, however, the military judge opined that since the violation was not glaring, he would "grant the accused a half a day administrative credit for every day that he was in pretrial confinement...." He therefore awarded nine days credit.

This case was submitted on the merits. Upon our review, we noted the innovation of the half day's credit. Since the matter has not been briefed, we invited counsel for both sides to discuss the matter in chambers. Having received their valuable comments, we are satisfied that the military judge erred in failing to give day-for-day credit.

■ R.C.M. 305(k) provides for credit "computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance" with R.C.M. 305. A half day credit is a novelty unauthorized by regulation. *See* R.C.M. 305(k); *see generally United States v. Chapman*, 26 M.J. 515 (A.C.M.R.1988); *United States v. Gregory*, 21 M.J. 952, 956 (A.C.M.R.1986). *United States v. Suzuki*, 14 M.J. 491 (C.M. A.1983), is no authority to award a less than day-for-day credit; *Suzuki* permits additional credit in appropriate cases but is no precedent for granting less than the number of days mandated by the Manual for Courts–Martial.

The convening authority's action in this case credits the accused with "nine days illegal pretrial confinement," in addition to the pretrial assessment established by *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). To remedy the R.C.M. 305(k) matter discussed above, the appellant will be credited with an *additional* nine days credit, for a total of 18 days.

■ R.C.M. 305(k) provides that credit is to be applied first against confinement adjudged and then against various other elements of the sentence; the provision concludes by stating that "[t]he credit shall not be applied against any other form of punishment,"—i.e., a punitive discharge or reduction in grade. We recognize that our action in this case will not affect the sentence of the appellant since it clearly has been served already and there remains nothing against which to apply the credit. (His approved sentence is a bad conduct discharge, confinement for 65 days, and reduction to airman basic. The action of the convening authority was taken on 30 August 1989).

Some readers may discern a "Catch 22" under R.C.M. 305(k) for certain prisoners who have already served their confinement: By the time their case reaches us, there may be little we can do by way of remedy, it might be argued. Be that as it may,

**898**

credit is not applied against a punitive discharge or reduction as these punishments are so "qualitatively different from confinement". *See* Analysis, R.C.M. 305(k), MCM, 1984, Page A21–18. In addition, we have no problem on the facts of this case with this sentence *vis-a-vis* our statutory duty under Article 66(c), 10 U.S.C. § 866(c) to only approve the findings and sentence as we find correct in law and fact. In short, we discern no substantial harm to the appellant. *See generally* DA Pam 127–173, *Trial Procedure,* paragraph 8–6*p* (15 Feb 1987).

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge BLOMMERS and Judge MURDOCK concur.