UNITED STATES, Appellee,

v.

Mario M. MILLER, Lance Corporal, U.S. Marine Corps, Appellant.

No. 31,713.

NCM 75–1448.

U. S. Court of Military Appeals.

Dec. 16, 1976.

Lieutenant Commander Carl H. Horst, JAGC, USN, was on the pleadings for Appellant, Accused.

Lieutenant Commander Harvey E. Little, JAGC, USN, Lieutenant Commander A. K. Llewellyn, JAGC, USN, and Lieutenant Colonel P. N. Kress, USMC, were on the pleadings for Appellee, United States.

Opinion of the Court

PER CURIAM:

Appellant was convicted by a special court-martial, consisting of a military judge

---

**3.** *Relford v. Commandant,* 401 U.S. 355, 369, 91 S.Ct. 649, 657, 28 L.Ed.2d 102 (1971).

alone, of assaulting a superior noncommissioned officer who was in the execution of his office, in violation of Article 91, Uniform Code of Military Justice, 10 U.S.C. § 891. We granted review to determine whether the appellant was accorded a speedy trial.

At trial the parties entered into a stipulation of fact as to the processing of the appellant's case. This stipulation reflects the appellant was confined on September 23 and tried on December 24, 1974. Because his pretrial confinement exceeded 90 days, the appellant submits he was denied a speedy trial under the presumption established in *United States v. Driver*, 23 U.S.C. M.A. 243, 49 C.M.R. 376 (1974), and *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971).

Indeed, the appellant was confined for a period of 92 days from the date of his initial confinement to the date of his trial. *See United States v. Manalo*, 1 M.J. 452 (1976). However, the parties stipulated the initial 3 days of the confinement period were attributable to, and in execution of, punishment imposed during an earlier disciplinary proceeding under Article 15, UCMJ, 10 U.S.C. § 815.[1] In *United States v. Schilf*, 1 M.J. 251, 252 n. 2 (1976), the Court held a period of " 'correctional custody' " imposed by an Article 15 proceeding was correctly added to the appellant's pretrial confinement where the Court of Military Review found the Article 15 proceeding was a subterfuge for the purpose of relieving the Government of accountability for the pretrial delay. In the present case no subterfuge is involved because the Article 15 proceeding was conducted prior to the appellant's misconduct which gave rise to his subsequent court-martial, and the parties concede the legitimacy of the proceeding. Thus, the 3 days of confinement resulting from the Article 15 proceeding were unrelated to his subsequent misconduct and court-martial. That confinement

is not, therefore, pretrial confinement for the purpose of determining whether Article 10, UCMJ, has been violated or the *Burton* presumption is operative.[2]

As computed without the period of disciplinary confinement, the appellant's pretrial confinement for the offense charged did not exceed 90 days, and the *Burton* presumption is inapplicable to the present case. Our examination of the record reveals no unreasonable or oppressive delays. We conclude, therefore, the trial judge's ruling that the appellant was not denied a speedy trial is correct.

Accordingly, the decision of the United States Navy Court of Military Review is affirmed.

---

1. Appellant was embarked in a vessel and thus, confinement was authorized under the provisions of Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815.

2. Our resolution of the issue renders it unnecessary to address the Government's argument that other periods were also deductible in assessing the *Burton* presumption.