UNITED STATES, Appellee,

v.

Kenneth W. NASH, Private, United
States Marine Corps, Appellant.

No. 32,130.

NCM 75–2295.

U. S. Court of Military Appeals.

May 8, 1978.

*Captain A. W. Eoff, II, JAGC, USN, Captain Eugene A. Ritti, USMCR, Lieutenant J. R. Cliffe, JAGC, USNR,* and *Lieutenant Vance J. Bettis, JAGC, USNR,* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel P. N. Kress, USMC, Lieutenant Commander N. P. DeCarlo, JAGC, USN, Lieutenant Homer S. Pointer, JAGC, USNR,* and *Lieutenant Christine M. Yuhas, JAGC, USNR,* were on the pleadings for Appellee, United States.

Opinion of the Court

PER CURIAM:

Appellant was convicted of four specifications of unauthorized absence and one specification of larceny, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921, respectively. We granted review to determine whether the appellant was denied a speedy trial.

The parties stipulated that the appellant's last period of unauthorized absence terminated on January 21, 1975, when he surrendered to the Shore Patrol in San Diego, California. Appellant was confined by the Shore Patrol on January 21 and 22, and was subsequently returned to the Marine Corps Base, Camp Pendleton, California, where he was confined on January 27; he was released from confinement on February 18. However, appellant was implicated in incidents occurring on February 26 and 27, which consisted of numerous "assaults, arsons, attempted arsons, and breaches of the peace." He was restricted to a guard shack on February 27 and was confined at the Camp Pendleton Correctional Facility on March 3, where he stayed for the remaining period important to the case. As a result of the incidents of February 26 and 27, numerous additional offenses were referred to trial. All but one of these were withdrawn by the convening authority on May 16, 1975; and the single remaining offense was withdrawn on the date of trial because the Government's only witness was "in the hands of civilian authorities" and was expected to be there indefinitely. Thus, the only offenses that came on for trial were those that had been committed prior to appellant's release from confinement on February 18.

On the merits, the United States Navy Court of Military Review concluded the final period of confinement commenced on February 27, which indicates it apparently

determined that restriction to the guard shack was tantamount to confinement. *See United States v. Schilf,* 1 M.J. 251 (C.M.A. 1976). The court further held that the Government was accountable only for the period prior to the February incidents because:

From the record in the case before us it is clear that the sole reason for the reconfinement of appellant on 27 February 1975 was for his alleged involvement in serious crimes committed on 26 and 27 February 1975, and had no relation to the offenses of which the appellant presently stands convicted.

Appellant, citing *United States v. Brooks,* 23 U.S.C.M.A. 1, 48 C.M.R. 257 (1974), submits that all periods of confinement must be added together for the purpose of determining whether the presumption of a denial of a speedy trial, as propounded in *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971),[1] was operative. In *Brooks,* the accused was confined prior to trial for a period of approximately 100 days; the period however was not continuous. The accused had been released and reconfined on two occasions, with each reconfinement resulting from misconduct occurring after his release. However, the record indicated that reconfinement was not imposed for the purpose of processing charges arising from the subsequent misconduct, but for the original misconduct. Indeed, the subsequent acts of misconduct were not made the subject of court-martial proceedings, but were punished under Article 15, UCMJ, 10 U.S.C. § 815.

The present case is distinguishable from *Brooks* and other cases in which the pretrial confinement was related to both an initial set of charges and charges arising from misconduct which either occurred after the accused was placed in confinement or the Government became aware of such misconduct after the accused was confined. *See United States v. Johnson,* 1 M.J. 101 (C.M.A.1975); *United States v. Ward,* 1 M.J. 21 (C.M.A.1975). Here, appellant was released from confinement, and the Court of Military Review expressly found that his reconfinement was unrelated to the initial charges. That finding is reasonably supported by the evidence, and we must, therefore, accept it. *United States v. Lowry,* 2 M.J. 55 (C.M.A.1976). This Court has previously held that for the purpose of speedy disposition, each charge must be considered separately. *United States v. Ward, supra* at 24. As the reconfinement was unrelated to the charges tried by the court-martial, the Court of Military Review properly concluded the period of confinement for the initial charges did not include the entire period of confinement in determining whether the *Burton* presumption was operative. *See United States v. Miller,* 2 M.J. 77 (C.M.A.1976); *United States v. Reed,* 2 M.J. 64 (C.M.A.1976). Absent the presumption, there were no unreasonable or oppressive delays in bringing the appellant to trial. Therefore, we hold that the Court of Military Review correctly resolved the speedy trial issue against the appellant.

The decision of the United States Navy Court of Military Review is affirmed.

1. *See United States v. Driver,* 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974).