UNITED STATES, Appellee,

v.

Kenneth H. ROBINSON, Sergeant U.S. Army, Appellant.

No. 60,996.
CM 8702356.

U.S. Court of Military Appeals.

Sept. 8, 1989.

For Appellee: *Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto, First Lieutenant Clay E. Donnigan* (on brief); *Colonel Norman G. Cooper.*

For Appellant: *Colonel John T. Edwards* and *Captain Jon W. Stentz* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

During October 1987, appellant was tried by a military judge sitting alone as a general court-martial at Bamberg, Federal Republic of Germany. Pursuant to his pleas, he was found guilty of wrongful use and wrongful distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a dishonorable discharge, confinement for 8 years, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the term of confinement to 6 years but otherwise approved the sentence. The Court of Military Review affirmed the findings and the approved sentence. 26 MJ 954 (1988).

This Court granted review of the following issues:

I

WHETHER THE MILITARY JUDGE ERRED TO APPELLANT'S SUBSTANTIAL PREJUDICE BY DENYING A MOTION TO DISMISS ALL CHARGES DUE TO LACK OF SPEEDY TRIAL.

II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THAT RCM 707 DOES NOT REQUIRE DISMISSAL OF ALL CHARGES WHERE THE 120–DAY RULE HAS BEEN VIOLATED, AND

ALL CHARGES WERE SIMULTANEOUSLY PREFERRED.

### III

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE PLAIN LANGUAGE OF RCM 707'S 120–DAY RULE SHOULD BE IGNORED IN FAVOR OF PRECEDENT WHICH PREDATES THE 1984 MANUAL.

We have considered the opinion of the court below on these issues and uphold its decision.

The facts concerning the granted issues are fully developed in that opinion and need not be repeated here. The legal analysis by the court below was as follows:

Rule 707(b)(4)[, Manual for Courts–Martial, United States, 1984,] provides that, when charges are preferred at different times, the inception date for each is separately computed. Appellant's position is that, unless charges are preferred separately, a violation of the 120–day rule under RCM 707(a)(2) requires dismissal of all charges. We think this is a strained interpretation.

When charges are separately preferred, separate speedy trial clocks are run on each charge. In *United States v. Mladjen*, the accused was apprehended on charges which were subsequently referred to court-martial. [19 USCMA 159,] 41 CMR 159 (1969). The trial was delayed, however, while other offenses were investigated and eventually joined for trial with the earlier offenses. The Court of Military Appeals held that the two sets of charges had different starting dates for speedy trial purposes: "a period of investigation is normally not part of the period for which the Government is accountable in determining the timeliness of prosecution, unless the suspect or accused is confined or restrained *in connection with those charges*." *Id.* at 161[, 41 CMR at 161] (emphasis added). *Accord, United States v. Talavera*, 8 MJ 14, 17 (CMA 1979) (where there are multiple specifications, the proceedings

as to each must be considered separately).

A similar analysis is, we believe, appropriate even when the charges are not preferred separately. Any other interpretation would require the Government to prefer separate charges for all known offenses in order to prevent a successful speedy trial challenge on one offense from infecting all other offenses preferred at the same time, an effect that is contrary to logic and the thrust of *stare decisis. Cf. United States v. Nash*, 5 MJ 37 (CMA 1978) (where accused was released from confinement and then reconfined for offenses unrelated to charges at court-martial, the reconfinement time was not considered for speedy trial purposes); *United States v. Miller*, 2 MJ 77 (CMA 1976) (confinement resulting from earlier nonjudicial punishment which was unrelated to accused's court-martial was not counted for speedy trial purposes). Accordingly, we hold that, in order to commence the speedy trial clock, the imposition of restraint under RCM 707(a)(2) must be "in connection with" the specification being challenged. We may suspect that it will be a rare case where the Government will be able to show that the restraint was not at least in part imposed as to all the offenses preferred together, but we will not foreclose that opportunity. In this case, the Government met that challenge. Thus the formal pretrial restraint on the drug offenses commenced no earlier than 18 June 1987.

26 MJ at 956 (footnote omitted).

■ We initially note that the decision of the court below clearly shows that it did not apply our precedent in disregard of RCM 707. Thus, the precise question before us is whether the Court of Military Review erred in applying RCM 707 in light of decisions of this Court issued prior to the effective date of the Manual for Courts–Martial, United States, 1984, and the advent of this Manual rule. We hold that it did not. *United States v. Gray*, 26 MJ 16, 19 (CMA 1988) (Sullivan, J.); *United States v. Harvey*, 23 MJ 280 n. (CMA 1986)

(summary disposition). Moreover, we agree with that court that RCM 707(a)(2) should be construed to sometimes permit separate speedy-trial-clock calculations even though several offenses have been preferred at the same time. *See United States v. Talavera, United States v. Nash,* and *United States v. Mladjen,* all *supra. Cf.* RCM 707(b)(4).* Therefore, we hold that the judge did not err in refusing to dismiss the drug charges in this case and that the Court of Military Review did not err in upholding this ruling.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

---

* We do not accept as reasonable or necessary the negative implication urged by appellant that RCM 707(b)(4) prohibits separate speedy-trial clocks where different charges are preferred on the same date. *See generally Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 2257, 104 L.Ed.2d 941 (1989).