UNITED STATES, Appellee,

v.

Richard D. SCHILF, Airman Basic, U.S. Air Force, Appellant.

No. 29,903.

U. S. Court of Military Appeals.

Jan. 9, 1976.

Major Byron D. Baur argued the cause for Appellant, Accused. With him on the brief were *Colonel William E. Cordingly* and *Colonel Jerry E. Conner.*

Captain *Alvin E. Schlechter* argued the cause for Appellee, United States. With him on the brief were *Colonel C. F. Bennett* and *Colonel Julius C. Ullerich, Jr.*

## OPINION OF THE COURT

FERGUSON, Senior Judge:

At his general court-martial the appellant was convicted contrary to his pleas of five drug offenses relating to marihuana and lysergic acid diethylamide (LSD). His sentence, after action by reviewing authorities, extends to a bad-conduct discharge, confinement at hard labor for 2 years, and forfeiture of all pay and allowances. Throughout the judicial proceedings in his case, the appellant has contended that he was denied a speedy disposition of the charges lodged against him. *United States v. Burton*, 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971). We believe the allegation is meritorious and demands dismissal of the charges.[1]

Appellant suffered pretrial confinement or severe restriction amounting to confinement for a total period of 127 days.[2] Thus, absent delays occasioned solely at the request of the defense and for its convenience which, when subtracted from this total, will reduce the period accountable to the Government to 90 days at most, *United States v. Driver*, 23 U.S.C.M.A. 243, 49 C.M.R. 376 (1974), there exists a presumption of a violation of Article 10,[3] requiring dismissal of the charges unless the Government successfully carries its heavy burden of showing diligence in processing them.[4] The question presented to the Court, then, is whether there are such defense delays, the answer to which we determine to be in the negative.

1. Additionally, this Court granted three other issues for further review. One of them has been withdrawn upon motion of the appellant. Because of our resolution of the speedy trial matter, discussion of the other two questions is unnecessary.

2. The appellant's pretrial confinement lasted 70 days. Correctly added to this figure by the Air Force Court of Military Review in determining application of the *Burton* rule, see note 4 *infra*, were 57 days during which appellant was restricted to the narrow confines of his squadron area, the terms of said restriction including an hourly sign-in procedure. *See United States v. Amundson*, 23 U.S.C.M.A. 308, 49 C.M.R. 598 (1975). Of the 70 days of actual confinement, the Court of Military Review noted that 30 of them were what was labeled as "correctional custody" served pursuant to the administration of punishment under Article 15, 10 U.S.C. § 815 for a minor offense. Because of the conditions of such "custody"—including service of same in the confinement facility rather than in the place normally used to house offenders serving correctional custody, and the use of a segregated cell resulting in "less freedom of movement than those persons in pretrial confinement"— the lower appellate court observed that the so-called correctional custody was "for the obvious purpose of relieving the Government of the requirement of accounting for this 30 day period as a pretrial delay." That court strongly condemned this subterfuge, an action in which this Court wholeheartedly joins.

3. Article 10, Uniform Code of Military Justice, 10 U.S.C. § 810.

4. In *United States v. Burton, supra*, we held that "a presumption of an Article 10 violation will exist when pretrial confinement exceeds three months. In such cases, this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed." 21 U.S.C.M.A. at 118, 44 C.M.R. at 172 (footnote omitted). Subsequently, in *United States v. Driver, supra*, this Court modified the time period involved to 90 days, rather than 3 months.

The Court of Military Review in its opinion aptly held early periods of delay purportedly pursuant to defense requests to be fully accountable to the Government because they were procured by the trickery of the staff judge advocate's chief of military justice and were not based on genuine defense desires or needs.[5] Conversely, it attributed to the defense all delay requested by it subsequent to a certain date, May 10, 1973, after which it found that such deceit played no apparent role in prompting such requests. However, the only of defense delay requested thereafter, prior to appellant's release from pretrial confinement on July 6, was from June 18 until July 16. Since the appellant was released from pretrial confinement, as noted, on July 6, and not thereafter confined or restricted, only the time from June 18 until July 6 is deductible from the total of 127 days involved. The subtraction of these 18 days therefrom results in a final total of 109 days of pretrial confinement laid squarely at the door of the Government.[6] Hence, the *Burton* rule and its remedy must attach.[7]

We believe that many of the problems involved in attributing pretrial delays will be ameliorated if all such requests for delay, together with the reasons therefor, were acted upon by the convening authority prior to referral of charges to a court-martial, or by the trial judge after such referral, rather than for them to be the subject of negotiation and agreement between opposing counsel. This procedural requirement will establish as a matter of record who requested what delay and for what reason.

The decision of the U.S. Air Force Court of Military Review is reversed. The findings and sentence are set aside, and the charges are dismissed.

Chief Judge FLETCHER and Judge COOK concur.

---

5. Appellant's detailed military counsel was appointed to represent him early in March 1973. On March 12, he asked the chief of military justice to assist him in obtaining the appellant's release from pretrial confinement. The chief of military justice agreed to do so on the condition that the appellant's counsel cover the anticipated delays in bringing his client to trial. Concerned primarily with the appellant's release, the defense counsel improperly acquiesced, not knowing that the chief of military justice had already arranged for the appellant's release. This type of agreement between counsel may not be condoned. Particularly damnable are the unconscionably delusive tactics of the chief of military justice.

6. Although the Court of Military Review performed the task of evaluating the delays discussed and of ruling as to the appropriate party to whom each must be attributed, for some reason it stopped at that point and failed to do the computation required to arrive at a "bottom line" of pretrial confinement delay accountable to the Government. Apparently what that court did was to subtract the total delays attributable to the defense—both while the appellant was in pretrial confinement and after his release therefrom approximately 2 months before trial—from the total number of days of pretrial confinement time. To clarify, only the number of days which are the responsibility of the defense *during* the time an accused is in confinement are properly deductible from the total confinement time.

7. It has been necessary for us to go into the factual detail apparent in preceding footnotes because the opinion of the Air Force Court of Military Review, commendably frank in its citing and discussing possible legal and ethical transgressions by participants at the trial level, for some reason has not been selected for publication in the Court-Martial Reports.