**UNITED STATES, Appellee,**

v.

**Private First Class Henry R. DAVIS, 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, United States Army, Appellant.**

**CM 448157.**

U.S. Army Court of Military Review.

April 15, 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Captain Clayton A. Aarons, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Citing *United States v. Allen,* 17 M.J. 126 (C.M.A.1984), appellant contends that the military judge erred in failing to grant him administrative sentence credit for 27 days of pretrial confinement served in a civilian jail.

Appellant was apprehended at the Fort Benning, Georgia, commissary by the military police while using a false military identification card in an attempt to cash a forged check. At the time of his apprehension appellant told the military police that

---

he was a civilian. When military authorities were unable to verify that he was a member of the military, appellant was released to the custody of the United States Attorney, who had appellant held in the Muscogee County jail for further investigation and trial. Appellant was later returned to Army custody and confined in the Fort Benning detention facility after further investigation by the Federal Bureau of Investigation and Army criminal investigators revealed appellant's true identity as an Army deserter.

In *United States v. Allen, supra,* the United States Court of Military Appeals directed that pretrial confinees must receive credit against any sentence to confinement for time spent in pretrial confinement. The government asserts that *Allen* should not be applied in the instant case.[1] While the government's argument (*i.e.,* that appellant should not be rewarded for his deceitful conduct in concealing his true identity for 27 days) has a superficially appealing ring to it, we conclude that it overlooks the essence of the holding in *Allen.* Had appellant been tried in a federal district court he would have received sentence credit for the 27 days of pretrial

he spent in the Muscogee County jail at the instance of federal authorities. Since the Secretary of Defense requires that we employ the same procedures for computation of sentences to confinement as does the Department of Justice,[2] we hold that a soldier tried by court-martial must be given sentence credit for time spent in pretrial custody at the instance of federal civilian authorities in connection with the "offense or acts" for which a sentence to confinement by court-martial ultimately is imposed. *See Allen, supra,* 17 M.J. at 127–28. Consequently, appellant is entitled to administrative sentence credit for the 27 days of pretrial confinement at issue in the case at bar.

The findings of guilty and the sentence are affirmed. Appellant will be given administrative sentence credit for the 27 days he spent in civilian pretrial confinement.

---

1. The government also suggests that *Allen* credit should be granted for pretrial confinement in a civilian jail only when such confinement is solely to facilitate the needs of *military* authorities. *See United States v. Huelskamp,* 21 M.J. 509, 509–10 (A.C.M.R.1985) (pretrial confinement "at the request of and solely to facilitate the administrative needs of military AWOL apprehension

authorities"). We do not construe *Huelskamp* to hold that pretrial credit is necessarily excluded in circumstances other than those encountered therein.

2. Department of Defense Instruction 1325.4 (October 7, 1968).