**UNITED STATES, Appellee,**

v.

**Private (E–1) James L. NEW, 552–37–9212, United States Army, Appellant.**

**ACMR 8600474.**

U.S. Army Court of Military Review.

17 March 1987.

---

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Dale K. Marvin, JAGC, Captain Richard J. Anderson, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Ro-

berson, JAGC, Captain Samuel J. Rob, JAGC, Captain Patrick A. Hewitt, JAGC (on brief).

Before FELDER, RICHARDSON and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

,ROBBLEE, Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of an unauthorized absence and distribution of methamphetamines (two specifications), in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1982 and Supp. II 1984), respectively. Appellant was sentenced to a bad conduct discharge, confinement for eighteen months, and total forfeitures. The convening authority approved the sentence.

■ Appellant asserts that the military judge erred by failing to grant him two-for-one credit for service of pretrial restriction tantamount to confinement. We agree. *United States v. Gregory*, 21 M.J. 952, 958 (A.C.M.R.) (entitlement to day-for-day 305(k) credit[1] accrues concurrently with day-for-day *Mason* credit[2] for periods of pretrial restriction deemed tantamount to

confinement), *affirmed*, 23 M.J. 246 (C.M. A.1986) (summary disposition); Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 305(k).

At trial, the military judge, without objection, granted appellant a seven-day *Mason* credit for the period 12–19 June 1986. Appellant, however, now contends that he is entitled to *Mason* and 305(k) credits each of eight days. Thus, we must resolve the question of what rule governs the computation of pretrial restriction tantamount to confinement.

■ Initially, we note that the United States Court of Military Appeals has held that "[t]he principle set out in *United States v. Schilf*,[3] 1 M.J. 251 (C.M.A.1976), is applicable in determining the amount of credit to be given for pretrial confinement." *United States v. Mason*, 19 M.J. at 274 note 1. *Mason* involved an accused who was in pretrial confinement for seven days and in pretrial restriction tantamount to confinement for thirty-five days. Appellant therein was credited with 42 days. As a consequence, we conclude that pretrial confinement and restriction tantamount to confinement are credited identically and hold that the rule of computation contained in *Schilf* is applicable to pretrial restriction

1. Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter cited as R.C.M.] 305(k) pertinently provides:

(k) Remedy. The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule [procedures for review of pretrial confinement] shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance.... The credit shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the conversion formula under R.C.M. 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of

total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment.

2. *United States v. Mason*, 19 M.J. 274 (C.M.A. 1985) (summary disposition) (service of pretrial restriction tantamount to confinement entitles an accused to day-for-day administrative credit against the sentence adjudged).

3. In *Schilf* days attributable to the government for speedy trial purposes were calculated by subtracting days of defense delay from the total period of pretrial confinement or severe restriction. *United States v. Schilf*, 1 M.J. at 252; *United States v. Manalo*, 1 M.J. 452, 453 (C.M.A. 1976). *See also* R.C.M. 707(b)(1), which provides, in pertinent part, that, "[t]he date on which ... pretrial restraint is imposed shall not count for purpose[s] of computing time under subsection (a) of this rule. The date on which the accused is brought to trial shall count."

tantamount to confinement. More specifically, for purposes of determining 305(k) and *Mason* credit due, the first day of the period served in restriction tantamount to confinement shall not be counted and the last day so served will be counted.

We believe the foregoing rule takes appropriate cognizance of the fact that the first and last days of any pretrial confinement or restriction tantamount to confinement are rarely, if ever, 24 hour days. The exclusion of the date of inception from computation avoids the necessity to litigate the issue of credit due on other than a whole day basis, and, we believe fairly gives the defense credit for one of the incomplete days [4] involved and the government credit for the other for purposes of computation. Moreover, it ensures that days of credit due incident to pretrial confinement or restriction tantamount to confinement shall be consistent with any credit due for speedy trial purposes, thus avoiding disparate entitlements. *See* R.C.M. 707(b)(1); *supra* note 3.

Accordingly, we conclude that appellant, in addition to credit received for legal pretrial confinement,[5] is entitled to a seven day 305(k) credit in addition to the seven day *Mason* credit granted by the military judge. Such credit shall be applied to the approved sentence. *United States v. Gregory*, 21 M.J. at 958; R.C.M. 1107(f)(4)(F).

The findings of guilty and the sentence are affirmed. Appellant will be credited with seven days of pretrial confinement in addition to the credit reflected in General Court-Martial Order number 35, dated 19 September 1986.

Senior Judge FELDER and Judge RICHARDSON concur.

---

4. The date of inception or termination.

5. Appellant also received a 23 day administrative credit for legal pretrial confinement. The convening authority's action approving confinement properly made no reference to this credit. Manual for Courts-Martial, United States, 1984, R.C.M. 1107(f)(4)(F) (only credit directed by the trial judge for illegal pretrial confinement must be reflected in a convening authority's action approving confinement). *See id.*, app. 16, form 4.