**UNITED STATES, Appellee,**

v.

**Private E–2 Ronald DeLOATCH,
237–29–3084, United States
Army, Appellant.**

**ACMR 8700666.**

U.S. Army Court of Military Review.

24 Dec. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stewart C. Hudson, JAGC, Captain Robert P. Morgan, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Gary L. Hausken, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

HOLDAWAY, Chief Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas, he was convicted of desertion, absence without leave, escape from confinement, wrongful possession of marijuana and wrongful possession of an unauthorized military identification card. He was sentenced to a dishonorable discharge, confinement for 33 months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for eight months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.

This court ordered briefs on the following issue:

WHETHER INCARCERATION AT FORT DIX, NEW JERSEY, AND THE PHILADELPHIA NAVAL BRIG CONSTITUTED CONFINEMENT WITHIN THE MEANING OF R.C.M. 305.

The pertinent facts are as follows. Appellant was confined in a detention cell (D–Cell) at Fort Dix, New Jersey, on 29 January 1987. The following day he was transferred to the Navy brig at Philadelphia. On 4 February 1987, he was picked up by his unit and returned to Hunter Army Airfield, Georgia, where he was again confined. On 6 February 1987, the magistrate, in accordance with Manual for

Courts–Martial, United States, 1984, Rule for Court Martial (hereinafter R.C.M.) 305(i), determined that continued confinement was appropriate. At trial, the judge ruled that the confinement in the D-cell and at the Navy brig was confinement for purposes of the so-called *"Allen* credit." *See United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).[1] At the same time, he ruled that those days were not confinement for R.C.M. 305 purposes. He, therefore, denied additional credit provided for in R.C.M. 305(k) that is the required remedy for confinement that results from a failure to have a magistrate review within seven days.

■ We hold that the judge was incorrect as a matter of law in determining that confinement in the D–Cell and at the Navy brig was not confinement within the meaning of R.C.M. 305. R.C.M. 305 makes no distinction, as did the judge, between confinement authorized by appellant's commander and that authorized by other competent authority. The review required by R.C.M. 305(i) was, therefore, not timely; it was held on the ninth day, not within seven days as required.

■ The remedy required by R.C.M. 305(k) is "an administrative credit against the sentence adjudged for any confinement served *as a result* of such noncompliance." (Emphasis supplied.) We construe this to mean that the soldier is to be given additional credit from the seventh day until such time as he either is released from confinement or until there is a R.C.M. 305(i) review regularizing the confinement; in this case that amounts to two days. Appel-

lant urges that he should be given credit for all eight days of the confinement that preceded the magistrate's review.[2] That interpretation flies in the face of the clear and unambiguous language of the rule that mandates credit only for the portion of the confinement that is served as the result of not having a timely review.[3] Manifestly, the first six days of confinement, during which no review was required were not, by any reasonable interpretation, confinement that resulted from noncompliance with the review requirement. *See United States v. Freeman,* 24 M.J. 547 (A.C.M.R.1987) (when restriction tantamount to confinement terminated within seven days, absence of review by magistrate did not violate R.C.M. 305).

Accordingly, the findings of guilty and the sentence are affirmed. Because confinement has been served, appellant shall receive a two-day administrative credit against the approved sentence to forfeitures.

Senior Judge De GIULIO and Judge CARMICHAEL concur.

---

1. The convening authority did, in his action, give appellant full credit for the confinement commencing on 29 January 1987.

2. We compute the period in question as nine days; day one being 29 January 1987 (the date appellant was placed in the D–Cell) and day nine being 6 February 1987 (the date of review by the magistrate). We are aware other methods of computation have been used by this court. *See United States v. New,* 23 M.J. 889 (A.C.M.R.1987). Our reading of the R.C.M. 305 analysis, however, leads us to the conclusion that both the day confinement is imposed and the day of review by the magistrate are counted as days of confinement in determining if review by the magistrate was within seven days. Man-

ual for Courts–Martial, United States, 1984, Analysis of Rule for Court–Martial 305(k), App. 21, A21–17. Consequently, we decline to follow the method of computation for credit for restriction tantamount to confinement found in *New.*

3. It could be argued that no portion of confinement is a *result* of failure to have a magistrate review in those cases where the magistrate subsequently finds probable cause and approves continued confinement. That would be a niggling interpretation. The spirit, if not the letter of the rule, is to provide a remedy for those days between the date when the review should have occurred and when it actually occurs.