**UNITED STATES, Appellee,**

**v.**

**Specialist Four Edgar H. BALLESTE-ROS, 450–45–8310, United States Army, Appellant.**

**ACMR 8701862.**

U.S. Army Court of Military Review.

2 March 1988.

---

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

1. The appellant styled his other assignments of error as follows:

I

APPELLANT'S PLEA OF GUILTY TO ADDITIONAL CHARGE I (CARRYING A CONCEALED WEAPON) WAS IMPROVIDENT.

## OPINION OF THE COURT

ROBBLEE, Judge:

The appellant was tried by a military judge sitting as a general court-martial at Fort Ord, California. Consistent with his pleas, he was convicted of distribution of cocaine, carrying a concealed weapon, and desertion, in violation of Articles 112a, 134, and 85, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 934, and 885 (1982 and Supp. III 1985), respectively. The appellant was sentenced to a dishonorable discharge, confinement for twelve years, total forfeitures, and reduction to the grade of Private E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a dishonorable discharge, confinement for four years, total forfeitures, and reduction to Private E-1.

The appellant, among other things,[1] asserts entitlement to a twenty-three day credit against his adjudged sentence to confinement for the days served in pretrial confinement in violation of Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial [hereinafter M.C.M., 1984 and R.C.M., respectively] 305. Specifically, he requests a ten-day administrative credit for the period 5-15 July 1987 predicated on untimely magisterial review under R.C.M. 305(i). Also, citing *United States v. Davis*, 22 M.J. 557 (A.C.M.R. 1986); *United States v. Gregory*, 21 M.J. 952 (A.C.M.R.), *affirmed*, 23 M.J. 246 (C.M.A.1986) (summary disposition); and *United States v. New*, 23 M.J. 889 (A.C.M.R.1987), he seeks thirteen additional credits for the period 22 June—5 July 1987.

Civilian law enforcement authorities in Texas apprehended the appellant as a military deserter on 22 June 1987 as he returned to the United States from hiding in Mexico. Later on the same date, military police from Fort Sam Houston were notified of the apprehension and arrangements

II
THE COURT-MARTIAL LACKED JURISDICTION OVER ADDITIONAL CHARGE I (CARRYING A CONCEALED WEAPON).

were made for continued civilian incarceration pending action to transfer the appellant to direct military control. On 29 June 1987, the appellant was placed in confinement at Fort Sam Houston. On 1 July 1987, he was transferred to the confinement facility at Fort Sill and, on 10 July 1987, released to the Fort Ord confinement facility. On 15 July 1987, the military magistrate at Fort Ord conducted the required R.C.M. 305(i) review and approved continued confinement.

At trial, after determining that 22 June 1987 was the day the appellant entered pretrial confinement status, the military judge granted the appellant a 56-day administrative credit in compliance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), requiring day-for-day sentence credit for pretrial confinement. However, after finding that the government had proceeded to trial with reasonable diligence, he denied a defense request for an additional ten-day credit for the period 5–15 July 1987 because the appellant's pretrial confinement was not reviewed by a magistrate within seven days of his confinement in a military confinement facility. No request was made at trial for R.C.M. 305(k) credit based on the days the appellant served in civilian confinement.

▬ Initially we must address the question of whether the appellant is entitled to R.C.M. 305(k) credit for pretrial confinement served in a state civilian jail.[2] We conclude that he is not. We, of course, are mindful that soldiers tried by court-martial must be given *Allen* credit for time spent in pretrial confinement in state or federal civilian confinement facilities at the instance of federal authorities when served in connection with misconduct ultimately resulting in a sentence to confinement imposed by court-martial. *United States v. Davis*, 22 M.J. 557, 558 (A.C.M.R.1986). Nevertheless, in our view, confinement in a military confinement facility is, absent evidence of a bad faith civilian confinement, required to trigger the provisions of R.C.M. 305. To hold the contrary would almost inevitably require that magisterial review of pretrial confinement occur in fewer than seven days after the confinee's return to military control and on less than full compliance with other aspects of the rule. This would be unacceptable. It is undeniable that R.C.M. 305 applies on its face to periods of time in pretrial confinement, *United States v. Gregory*, 21 M.J. at 954. Common sense, however, convinces us that its applicability does not ordinarily extend to circumstances in which actual military control over the person is lacking. Thus, the administrative credit due the appellant must be calculated from the day the appellant was transferred to military control, here, 29 June 1987.

It is well-settled that R.C.M. 305(k) provides a "day for day" administrative credit for periods of pretrial confinement, served as a result of noncompliance with any provision of the rule.[3] *See United States v. Gregory*, 21 M.J. at 958. Further, in *United States v. DeLoatch*, 25 M.J. 718, 719, (A.C.M.R.1987), a case in which magisterial review was belatedly conducted,[4] this court held that soldiers were entitled to additional credit under R.C.M. 305(k) from the seventh day allowed for magisterial review through the day prior to release from con-

---

2. In this regard we are mindful that custody incident to apprehension is distinguished from confinement and that it extends for such period of time as is necessary to permit notice to proper authority and action thereon. M.C.M., 1984, Analysis of R.C.M. 305, App. 21, A21–14. In the case at bar we are satisfied that the military judge was fully cognizant of this distinction and properly found 22 June 1987 to be the date on which pretrial confinement commenced.

3. R.C.M. 305 applies to both actual pretrial confinement and that pretrial restriction found to be tantamount thereto. *United States v. Gregory*, 21 M.J. at 956 n. 12. While adhering to the requirements of the rule may legitimate a restriction tantamount to confinement necessitated in lieu of actual confinement by *extraordinary* circumstances, full compliance with all provisions of the rule is nonetheless essential if the R.C.M. 305(k) sanction is to be avoided. Regularly imposed actual confinement is obviously the preferred approach.

4. Cases in which magisterial review was *not* conducted have allowed day-for-day R.C.M. 305(k) from the day of confinement since, in such circumstances, all pretrial confinement is presumably served as a result of noncompliance with one or more provisions of R.C.M. 305. *United States v. Gregory*, 21 M.J. at 958; *United States v. New*, 23 M.J. at 890.

finement or R.C.M. 305(i) review approving confinement.

 Applying the *DeLoatch* rule to the facts of the case at bar, we find that R.C.M. 305(i) magisterial review should have occurred not later than 5 July 1987, the seventh day of the appellant's confinement in a military confinement facility. *United States v. DeLoatch,* n. 3 (both the day confinement imposed and the day of magisterial review counted as days of confinement in determining whether R.C.M. 305(i) review conducted within seven days). Additionally, we find that the appellant served ten days of confinement without the benefit of government compliance with the requirement for timely R.C.M. 305(i) magisterial review, *i.e.,* the period from the seventh day, 5 July 1987, until the day before confinement was regularized by magisterial review, 14 July 1987. *United States v. DeLoatch,* at 719.

Accordingly, the appellant is here entitled to a ten-day R.C.M. 305(k) credit. This credit shall be applied against his approved sentence to confinement.

We have reviewed the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GILLEY concur.