UNITED STATES, Appellee,

v.

Specialist Jerry L. WEDDLE,
410–06–0307, United States
Army, Appellant.

ACMR 8801985.

U.S. Army Court of Military Review.

14 April 1989.

---

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC (on brief).

Before HOLDAWAY, CARMICHAEL, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

The appellant, through counsel, asserts that *United States v. New*, 23 M.J. 889 (A.C.M.R.1987), was wrongly decided and that he should have received eighty-seven days of *Allen* credit for the time he spent in pretrial confinement. *See United States v. Allen*, 17 M.J. 126 (C.M.A.1984) (day-for-day administrative credit for pretrial confinement). The military judge, apparently relying on the computation formula in *New*, determined the appellant should receive eighty-six rather than eighty-seven days of *Allen* credit. The *New* formula omits the first day and includes the last day in computing the length of pretrial confinement. This same formula is used to compute the government's accountability for speedy trial purposes. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707 [hereinafter M.C.M., 1984, and R.C.M., respectively].

We declined to follow the formula in *New* in *United States v. DeLoatch*, 25 M.J. 718, 719 n. 2 (A.C.M.R.1987), when counting days to determine whether there had been compliance with R.C.M. 305(i). Rule 305(i) requires pretrial confinement be reviewed within seven days of its imposition. In *DeLoatch* our computation started with the first day of pretrial confinement, and we found a violation of R.C.M. 305(i) because no review had been accomplished by the end of the seventh day. Contrary to the government's position, the use of the *DeLoatch* formula for computing the hours and days during which certain R.C.M. 305 pretrial confinement procedures must occur is consistent with executive intent. *See* M.C.M., 1984, Analysis of R.C.M. 305(i), App. 21, A21–16 (seven-day period for review of pretrial confinement begins to run on the day the confinement is imposed). Also, contrary to the appellant's position, *New* and *DeLoatch* do not create an ambiguity in computing administrative credit. The *New* formula applies except when calculating time to determine whether there was compliance with R.C.M. 305(f) (provision of military counsel), 305(h) (notification of and action by the commander), and 305(i) (review of pretrial confinement), in which case the *DeLoatch* formula should be used.

While this does not result in a uniform computation method for all pretrial confinement situations, neither does it result in one that is ambiguous. Day-for-day credit for pretrial confinement and restriction tantamount to confinement will continue to be computed by omitting the first but counting the last day of restraint. Compliance with time-sensitive provisions of R.C.M. 305 (that is, (f), (h), and (i)) will be determined by a formula that counts the first day of pretrial confinement or restriction tantamount to confinement. Rule 305(k) provides the remedy for noncompliance: an administrative credit computed at the rate of one day for each day of pretrial confinement served as a result of noncompliance.

Although not unsympathetic to the argument of appellate defense counsel that all pretrial confinement credit should be

calculated using the same method, we decline, at this time, to restrict further the formula devised in *New* for calculating such administrative credit. The military judge correctly found that the appellant was entitled to only eighty-six days of *Allen* credit. Additional credit based on *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983), *aff'd in part, rev'd in part on other grds*, 20 M.J. 248 (C.M.A.1985), is not warranted.

██ The appellant personally raises the matter of sentence appropriateness. Pursuant to his negotiated pleas, he was found guilty, *inter alia*, of assaulting his wife with a .25 caliber pistol by shooting her in the left leg and of wrongfully using cocaine. The military judge sentenced the appellant to a bad-conduct discharge, four years of confinement, and reduction to Private E1. The convening authority, consistent with the terms of the pretrial confinement, reduced the confinement to twenty-two months and approved the sentence. Based on a careful review of the entire record, we find the approved sentence to be both legal and appropriate.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge GIUNTINI concur.