**UNITED STATES, Appellee,**

v.

**Sergeant Tony L. JENKINS, 082–50–0635, United States Army, Appellant.**

**ACMR 8801281.**

U.S. Army Court of Military Review.

5 May 1989.

---

5. *United States v. DuBay*, 37 C.M.R. 411 (1967)

For Appellant: Major Kathleen A. VanderBoom, JAGC, Captain Gregory B. Upton, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, KENNETT and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

In accordance with his pleas, the appellant was convicted of conspiring to distribute cocaine, three specifications of absence without leave (failing to repair), disobeying a lawful order, five specifications involving the use and distribution of cocaine, and breaking restriction in violation of Articles 81, 86, 92, 112a, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 886, 892, 912a, and 934 (1982 and supp.). His approved sentence included a bad-conduct discharge, confinement for forty-eight months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

On appeal, the appellant contends that he is entitled to two additional days of credit towards his sentence to confinement pursu-ant to *United States v. Allen*, 17 M.J. 126 (C.M.A.1984). He argues that the *Allen* credit should be computed pursuant to the method of computation announced in *United States v. DeLoatch*, 25 M.J. 718 (A.C.M.R.1987), rather than that set forth in *United States v. New*, 23 M.J. 889 (A.C.M.R. 1987), and Rule for Courts–Martial 103(9). We need not resolve this issue for the reasons set forth below.

■ At trial, both trial counsel and trial defense counsel agreed that the appellant was entitled to 148 days of *Allen* credit towards his sentence for pretrial confinement served. The trial judge, pursuant to *United States v. Allen*, entered a ruling of law in accordance with this agreement that the appellant was due 148 days of credit towards confinement. This agreement had the effect of a stipulation of fact. *United States v. Cambridge*, 12 C.M.R. 133, 138 (C.M.A.1953). *Cf. United States v. Brahm*, 16 M.J. 487, 488 (C.M.A.1983) (there is no requirement to conduct an inquiry into a nonconfessional stipulation). The appellant's belated assertion that he is entitled to 150 days rather than the 148 days of credit to which he stipulated at trial is a vain attempt to impeach his own stipulation and to avoid its effects.

■ Regardless of the method utilized, the rules of calculation set forth in *New, supra*, and *DeLoatch, supra*, are mere artifices designed to expedite the allocation of credit and to dispense with quibbling over fractions of days. *United States v. New*, 23 M.J. at 891. When the parties have stipulated to the amount of *Allen* credit due and the trial court has entered a ruling effectuating their stipulation of fact, there is no need to employ any artificial method of computation because the amount of credit due has been established as a matter of fact. In the absence of plain error, application of a method of computation in contradiction of a stipulation of fact as to the amount of *Allen* credit due is a numbers game. Appellate quibbling about a day or two here or there is an opprobrious practice when the matter has been factually determined. *Cf. United States v.*

810

*Carlisle,* 25 M.J. 426 (C.M.A.1988). This court endorses the practice of stipulating as to the amount of credit due an accused pursuant to *Allen* and to R.C.M. 305(k); such stipulations will be binding absent plain error. Where an accused and his trial defense counsel have stipulated to a given fact before the trial court, they are not permitted to impeach that stipulation on appeal.

In the case at bar, the ruling of the military judge is in accord with the agreement of counsel and has become the law of the case. *See United States v. McKinley,* 27 M.J. 78, 80 (C.M.A.1988); *United States v. Bower,* 21 M.J. 400 (C.M.A.1986) (summary disposition); *United States v. Suzuki,* 14 M.J. 491, 493 (C.M.A.1983).

The findings of guilty and the sentence are affirmed.