**UNITED STATES, Appellee,**

v.

**Private E2 Philemont L. PONZI, III, 139–66–1688, United States Army, Appellant.**

**ACMR 8801902.**

U.S. Army Court of Military Review.

18 Sept. 1989.

---

For Appellant: Captain Timothy P. Riley, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Kathryn F. Forrester, JAGC, Captain Martin D. Carpenter, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before DeFORD, FOREMAN, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Pursuant to his pleas, the appellant was convicted of three specifications of absence without leave (AWOL), failure to repair and wrongful appropriation of an automobile in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921 (1982). He was sentenced by a military judge to a bad-conduct discharge, confinement for 88 days, forfeiture of $477.00 pay per month for six months, and reduction to Private El. The convening authority approved only so much of the adjudged sentence as provides for a bad-conduct discharge, confinement for 88 days, and forfeiture of $447.00 pay per month for three months. Inasmuch as the military judge determined that appellant was entitled to 88 days' administrative credit against his sentence to confinement, the convening authority's action further

states that "the accused will be credited with 88 days of pretrial confinement against the sentence to confinement."

Appellant was originally convicted of four of the five offenses involved in this case at a special court-martial tried in August 1988 and received a sentence that included, *inter alia*, a bad-conduct discharge and 45 days' confinement. In connection with that trial, appellant spent 28 days in pretrial confinement and 10 days in post-trial confinement. Before completing his sentence to confinement, the appellant was released when the findings were disapproved because the court reporter had accidentally erased the audio tapes necessary for preparation of a verbatim record. While awaiting a second trial, the appellant again went AWOL. His subsequent pretrial confinement lasted 32 days, 18 of which were illegal. He was credited with 18 days of additional credit against his sentence to confinement pursuant to Manual for Courts Martial, United States, 1984, Rule for Courts–Martial 305(k) [hereinafter R.C.M.].[1]

The appellant first contends, and the Government concedes, that the convening authority erred by approving the confinement portion of the sentence on the grounds that the action violated the terms of a pretrial agreement. The pretrial agreement provided that, in exchange for the appellant's plea of guilty, the convening authority would approve no sentence in excess of "confinement served as of the date that the sentence is adjudged." The record establishes that the exact amount of such "confinement served" is 70 days. We therefore agree that when the convening authority approved 88 days of confinement, he exceeded the amount agreed upon by the parties by eighteen days. We will modify the convening authority's action to correct the error in our decretal paragraph.

---

1. Appellant's unauthorized absence was terminated by civilian authorities pursuant to a request from military authorities and was for the purpose of returning appellant to military control. The civilian police failed to notify military authorities of appellant's apprehension. As a

result, he remained incarcerated for twenty-five days before a magistrate's review was conducted as required by R.C.M. 305(i). Hence, eighteen days of the pretrial confinement were illegal and entitled appellant to administrative credit pursuant to R.C.M. 305(k).

Appellant's second contention, also conceded by the Government, is that he is still entitled to a remedy for the eighteen days of credit because, as a result of the confinement limitation provision of the pretrial agreement and our action on review, there is insufficient confinement against which to offset the credit. He prays that we apply the credit against the approved forfeiture of pay. We agree. Appellant's contention is premised on language contained in R.C.M. 305(k) which provides:

> The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an administrative credit against the sentence adjudged for any confinement served as the result of such noncompliance. Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. This credit is to be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the formula under R.C.M. 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment.

The plain language of the rule clearly establishes that the credit for illegal pretrial confinement is to be applied only to confinement adjudged or to several alternative penalties in the event confinement is not adjudged or is of insufficient duration to offset the entire credit. Not so clear is whether the rule mandates application of the credit where, as a result of review and action by a convening or higher authority, the adjudged confinement is diminished so as to render the credit nugatory. The answer to this question can be found in the analysis to the rule where the drafters stated:

> The one day credit is in addition to the day for day credit provided by DOD Instruction 1325.4 as interpreted by *United States v. Allen*, 17 M.J. 126 (C.M.A.1984) [,] and is intended as an additional credit to deter violations of the rule. This remedy does not replace sanctions against persons who intentionally violate these rules. *See* Articles 97, and 98. The credit for illegal pretrial confinement (in addition to any other administrative credit) is provided as a matter of policy, and does not reflect a determination that such cumulative credit is otherwise required.

> \* \* \* \* \* \*

> The rule does not prescribe the mechanics for implementing the credit since this will depend on the stage at which the violation of the rule is discovered. *Cf. United States v. Larner*, [1 M.J. 371 (C.M.A.1976) ]. Usually the illegality will be determined by the trial judge, who shall also announce the remedy. After the sentence is announced, the military judge should announce on the record how the credit will apply to it. Where after application of this credit no confinement would remain to be served the accused should not be confined after trial. It is the responsibility of the convening authority to apply credit when action is taken on the sentence. *See* Article 57.

Manual for Courts–Martial, United States, 1984 Rule for Courts–Martial 305(k), analysis, App. 21, A21–18.

In accordance with the stated intent of the Drafters, we hold that the administrative credit of R.C.M. 305(k) must be applied to the alternate forms of punishment where, as a result of corrective action by the convening or higher authority, there is insufficient confinement against which the credit can be applied. In this case, since appellant's credit for eighteen days illegal confinement could not be applied against the approved confinement, it should have been applied against the approved partial forfeitures. The respective appellate counsel have agreed, and we accept as fact, that credit for 27 days of partial forfeitures is the proper remedy in the case at bar. *See United States v. Jenkins*, 28 M.J. 808 (A.C. M.R.1989).

The findings of guilty are affirmed. Only so much of the sentence as provides for a bad-conduct discharge, confinement for 70 days, and forfeiture of $447.00 pay per month for three months is affirmed. An administrative credit consisting of 70 days of the confinement and 27 days' forfeiture of pay will be applied against the confinement and forfeitures affirmed by this court.

Senior Judge DeFORD and Judge FOREMAN concur.