**UNITED STATES, Appellee,**

v.

**Private E2 George HANKTON, III, 439–45–8327, United States Army, Appellant.**

**ACMR 8903553.**

U.S. Army Court of Military Review.

28 June 1990.

For Appellant: Captain Allen F. Bareford, JAGC, Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC.

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

OPINION OF THE COURT

GIUNTINI, Judge: *

The appellant was placed in pretrial confinement on 15 September 1989 and was released by the military magistrate on 25 September 1989. The military judge ordered that the appellant be given credit for a total of thirteen days of pretrial confinement: ten days for ordinary pretrial confinement and three days because of the tardy magistrate's review.[1] The credit should have been for fourteen days. *See United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) (accused is entitled to day-for-day credit for time spent in pretrial confinement); *United States v. New*, 23 M.J. 889 (A.C.M.R.1987) (in computing *Allen* credit, the first day of confinement is omitted and the last day is included); and *United States v. DeLoatch*, 25 M.J. 718 (A.C.M.R. 1987) (magistrate's review must be conducted no later than the seventh day of

---

* Judge Charles H. Giuntini took final action on this case prior to his retirement.

1. The convening authority's action correctly noted only credit for that portion of the pretrial confinement that had been determined to be in violation of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(k) [hereinafter R.C.M.]. *See* R.C.M. 1107(f)(4)(F). However, following the military judge's incorrect accounting, the convening authority ordered three days of credit instead of four.

pretrial confinement; credit begins to accrue on the seventh day and runs until the day before the review is conducted). *See also United States v. Weddle*, 28 M.J. 649 (A.C.M.R.1989) and *United States v. Ballesteros*, 29 M.J. 14 (C.M.A.1989).[2] *See* Chart at Appendix.

Accordingly, the accused is entitled to an additional day of credit, for a total of fourteen days, against his approved sentence to confinement.

We have reviewed the error asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982) and find it to be without merit.[3]

The findings of guilty and the sentence are approved.

Senior Judge KUCERA and Judge GILLEY concur.

## APPENDIX

United States v. Hankton: Credit for pretrial confinement, 15–25 September 1989; release by magistrate on 25 September 1989.

a. Ordinary pretrial confinement. Allen/New: Don't count first day; count last day.

September 15 $\boxed{16\ 17\ 18\ 19\ 20\ 21\ 22\ 23\ 24\ 25}$ = 10 days

b. Tardy magistrate's review. RCM 305(k)/DeLoatch:
  1. Count first day to determine seventh; then,
  2. Give credit from seventh to and including day before magistrate's review.

September 15 16 17 18 19 20 $\boxed{21\ 22\ 23\ 24}$ 25 = 4 days

10 days plus 4 days TOTALS 14 days

**2.** In *Ballesteros* the Court of Military Appeals agreed with the *DeLoatch* method of determining R.C.M. 305(k) credit for tardy magistrate's review (credit starts with seventh day and ends on and including the day before the review is conducted). However, in applying the formula to a period of 22 June (confinement) to 15 July (magistrate's review), the Court mistakenly arrived at a sixteen-day credit; it should have been credit for seventeen days.

**3.** General Court–Martial Convening Order Number 32, 20 December 1989, promulgating the results of trial, should have reflected that after findings the military judge merged Specifications 2 and 3 of Charge I with Specification 1 of the same charge, and Specification 5 with Specification 4 of Charge I. Also, the military judge amended Specification 4 of Charge II, to reflect the dates, "24 December 1988 and 25 December 1988."