## UNITED STATES

### v.

**Edward L. SPENCER, Jr., 246 43 2530, Private First Class (E–2), U.S. Marine Corps.**

### NMCM 90 2852.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 9 Feb. 1990.

Decided 15 Feb. 1991.

Maj G.S. Warner, USMC, Appellate Defense Counsel.

Maj Davis S. HEIER, USMCR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and FREYER and HOLDER, JJ.

MITCHELL, Senior Judge:

Appellant asserts, *inter alia*, that he received only 2 of the required 3 days credit for pretrial confinement, citing *United States v. Allen*, 17 M.J. 126 (C.M.A.1984). We agree.

Appellant served pretrial confinement from 3 to 5 January 1990. The military judge sentenced him on 9 February 1990. The parties agree that all officials at trial and afterward gave appellant 2 days of *Allen* credit. The Government argues that we should apply the various lines of cases interpreting the speedy trial and pretrial confinement law to resolve the issue before us. *E.g., United States v. Hankton*, 30 M.J. 1209 (A.C.M.R.1990); *United States v. Tebsherany*, 30 M.J. 608, 610 (N.M.C.M.R. 1990), *pet. granted*, 32 M.J. 7 (C.M.A.1990); *United States v. Weddle*, 28 M.J. 649, 651 (A.C.M.R.1989).

*Allen*, however, does not derive from Rule for Courts–Martial (R.C.M.) 305, Manual for Courts–Martial, United States, 1984 (pretrial confinement procedure) nor R.C.M. 707 (speedy trial) law, largely rooted in *United States v. Burton*, 21 U.S.C. M.A. 112, 44 C.M.R. 166 (1971). The requirement of day-for-day credit for pretrial confinement arose in the Bail Reform Act of 1966 and traced through Department of Defense Instruction 1325.4 (October 7, 1968) to court-martial practice. The Bail Reform Act required the Attorney General to credit sentenced prisoners with time served in custody because of any offense that resulted in the punishment. Courts-martial were exempt from this Act. Act of June 22, 1966, Pub.L. No. 89–465, § 4, 80 Stat. 217. DODINST 1325.4, however, provided that procedures for computing sentences employed by the Department of Justice applied to the armed forces. Thus, *Allen* saw pretrial confinement credit computation in the armed forces as a creature of regulation. Then-existing Department of Justice regulations stated that credit be given for each day spent in pretrial confinement. U.S. Bureau of Prisons Policy Statement 7600.59, para. 4.b.(1).

The Defense Department reissued the DODINST on 19 May 1988. The new provisions apply to sentences adjudged by courts-martial and other military tribunals of the Department of Defense. It states the sentence to confinement begins to run as provided by statute or proper authority. Procedures employed in computing sentences must conform to those established by the Department of Justice for Federal prisoners unless they conflict with the directive. DODINST 1325.4, enclosure (1), para. H.5.

The rules issued by the Department of Justice state in pertinent part that a person shall be allowed credit toward service of sentence for any day or portion of a day spent in custody (pretrial confinement) because of the offense that resulted in the sentence to confinement. U.S. Department of Justice, Federal Prison System Program Statement, No. 5880.24, dtd 5 September 1979, para. 5 (hereinafter referred to as Prison System Rules). Consequently, the regulations controlling pretrial confinement credit are the same now as at the time *Allen* was decided and are of equal force at present.

■ Absent an immediate deferment, a military sentence to confinement begins to run on the day of sentencing. That day counts as sentence served without regard to the hour of commitment. Uniform Code of Military Justice, Article 57(b); SECNAVINST 1640.9A (Department of the Navy Corrections Manual), 16 February 1983, Article 9301.1–2. Since, therefore, the day of sentencing is normally a day of adjudged confinement for sentence computation, it follows that, absent an immediate deferment, sentencing day is not counted as a day of pretrial confinement. DODINST 1325.4, enclosure (1), paras. H.1 and 5; Prison System Rules. Since the first day of pretrial confinement is "any part of a day spent" in such circumstance, it does count as a day of pretrial confinement and

is subject to *Allen* credit. Prison System Rules; *Allen*.

We hold that the proper calculation for *Allen* credit is to count each day or part of a day of pretrial confinement as an *Allen* day except where a day of pretrial confinement is also the day sentence is imposed.

 Two common circumstances emerge from the cases. First, an accused's pretrial confinement days run continuously to the day of sentencing. In this situation every day is an *Allen* day except the judgement day which is a sentence served day. Second, an accused serves one or more intermittent periods of pretrial confinement but is not so held on sentencing day. In this situation, every day spent in pretrial confinement counts as an *Allen* day because there is no overlay of pretrial confinement and sentence service. The case at bar is the latter situation. We hold that the appellant is entitled to 3 days of *Allen* credit, not 2 days.

The remaining assignment of error is rejected with no discussion.

SECNAVINST 1325.4 is sufficiently vague as to how *Allen* credit is to be determined that we cannot be sure that corrections personnel in fact properly afforded it to appellant. The approved sentence extended to a bad-conduct discharge, 30 days confinement, forfeiture of $482.00 per month for 2 months and reduction to pay grade E-1. We affirm the approved findings and sentence except for forfeiture of pay which we affirm at the rate of only $400.00 per month for 2 months. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

Judge FREYER and Judge HOLDER concur.