UNITED STATES, Appellee,

v.

**Private First Class Robert L. STUART, 483–94–7309, United States Army, Appellant.**

**ACMR 9201007.**

U.S. Army Court of Military Review.

6 Jan. 1993.

For Appellant: Major Robin L. Hall, JAGC, Captain Robert H. Pope, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

The appellant pled guilty before a special court-martial to two specifications alleging unauthorized absences from his unit in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1982). His sentence, as approved by the convening authority, provides for a bad-conduct discharge to be suspended for eight months with provision for automatic remission, confinement for one hundred days, forfeiture of $523.00 pay per month for three months, and reduction to Private E1.

The appellant contends that the military judge erroneously failed to grant his motion for an additional seven days administrative credit for time spent in pretrial confinement without a timely review by a neutral and detached magistrate as required by Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C.M.].[1] The appellant was apprehended on 15 April 1992 by civilian authorities as a deserter from the Army after he had, for the third time, absented himself from his unit without authority. *See* 10 U.S.C. § 808 (1982). He was returned to military control on 16 April at which time he was placed in pretrial confinement for eighteen days. He received a magistrate's hearing on 21 April pursuant to R.C.M. 305(i). The military judge credited the appellant with eighteen days' administrative credit for the period of pretrial confinement served, but not the seven additional days requested by his counsel. *See United States v. Allen,* 17 M.J. 126 (C.M.A. 1984); *United States v. Davis,* 22 M.J. 557 (A.C.M.R.1986); *United States v. Huelskamp,* 21 M.J. 509 (A.C.M.R.1985).

 We agree that the appellant is entitled to additional credit for part of the time he spent in pretrial confinement. Additional credit for pretrial confinement served is warranted on a day-for-day basis for any confinement served as the result of noncompliance with subsection (f), (h), (i),

---

1. Government appellate counsel has not contested this assignment of error in pleadings filed with this court.

or (j) of R.C.M. 305. R.C.M. 305(k). A servicemember is entitled to a magistrate's review of pretrial confinement within forty-eight hours of the imposition of such confinement. *County of Riverside v. McLaughlin,* 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *United States v. Rexroat,* ACMR 9102033, 1992 WL 364289 (A.C.M.R. 8 Dec. 1992); R.C.M. 305(i). The inception of this period begins when civilian authorities detain a servicemember for a military offense "with notice and approval of military authorities." *United States v. Ballesteros,* 29 M.J. 14, 16 (C.M.A.1989). The credit is calculated from the day the magistrate should have held the hearing until the day before the hearing was conducted. *Id.* The record reflects that the appellant was detained by civilian authorities on behalf of the Army for the offense of desertion. Therefore, the magistrate's review should have been conducted within forty-eight hours of the appellant's apprehension on 15 April. As it was not, the appellant is entitled to additional credit for the period 17 to 20 April (4 days). *United States v. Hankton,* 30 M.J. 1209 (A.C.M.R. 1990); *United States v. Weddle,* 28 M.J. 649 (A.C.M.R.1989); *United States v. De-Loatch,* 25 M.J. 718 (A.C.M.R.1987). Since he has served his sentence to confinement, the credit must be applied against the approved forfeitures. *United States v. Ponzi,* 29 M.J. 601 (A.C.M.R.1989).

We have also considered the appellant's contention that his court-martial was without jurisdiction because the military judge was appointed in violation of the Appointments Clause of the Constitution and find it to be without merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992).

The findings of guilty and the sentence are affirmed. An administrative credit of an additional four days will be applied against the forfeiture of pay affirmed by this court.

Senior Judge JOHNSON and Judge GRAVELLE concur.