UNITED STATES

v.

Jerry J. LAMB, 259–41–0210, Airman Recruit (E–1), U.S. Naval Reserve.

NMCM 95 00267.

U.S. Navy–Marine Corps Court of Criminal Appeals.

29 Aug. 1996.

LT Gerard Wm. Wittstadt, Jr., JAGC, USNR, Appellate Defense Counsel.

Maj David S. Jonas, USMC, Appellate Defense Counsel.

CAPT Howard C. Cohen, JAGC, USNR, Appellate Defense Counsel.

LT D.M. Harrison, JAGC, USNR, Appellate Government Counsel.

LCDR D.M. Yesh, JAGC, USNR, Appellate Government Counsel.

Before KEATING, CLARK and WELCH, Appellate Military Judges.

WELCH, Judge:

The appellant was tried by a special court-martial, consisting of a military judge alone, on 31 March 1995. Consistent with his pleas he was convicted of three specifications of unauthorized absence and a single specification of missing movement by design, in violation of Uniform Code of Military Justice [UCMJ], Articles 86 and 87, 10 U.S.C. §§ 886 and 887, respectively. The convening authority approved the adjudged sentence of confinement for 120 days, forfeiture of $550.00 pay per month for 4 months, and a bad-conduct discharge.

The appellant raises two assignments of error.[1] In his first assignment of error, the

1. I. THE MILITARY JUDGE ERRED WHEN HE DENIED APPELLANT'S MOTION FOR ADMINISTRATIVE DAY–FOR–DAY CREDIT, PURSUANT TO *UNITED STATES V. REXROAT,* 38 M.J. 292 (C.M.A.1993).

appellant contends that the military judge erroneously failed to grant his motion for 13 days administrative credit for time spent as a pretrial confinee in a civilian jail in the absence of a timely probable-cause review by a neutral and detached magistrate as required by *United States v. Rexroat,* 38 M.J. 292 (C.M.A.1993), *cert. denied,* 510 U.S. 1192, 114 S.Ct. 1296, 127 L.Ed.2d 648 (1994). In *Rexroat,* the Court of Military Appeals (now the United States Court of Appeals for the Armed Forces) held that the requirement of a probable cause determination within 48 hours of a warrantless arrest established in *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) applied to the military services. *United States v. Rexroat,* 38 M.J. at 295. By its holding in *McLaughlin,* the U.S. Supreme Court clarified its earlier decision in *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)(Fourth Amendment requires person arrested without warrant to be given *prompt* judicial determination of probable cause as prerequisite to pretrial detention), by establishing a "bright-line rule" that probable-cause determinations made after 48 hours of arrest are presumptively untimely.

Prior to his arraignment in the proceeding below, the appellant moved for appropriate relief pursuant to Rule for Courts–Martial [R.C.M.] 906, Manual for Courts–Martial, United States, 1984 (1995 ed.), requesting administrative credit for 13 days of illegal pretrial confinement, the first 9 days of which had been spent in the Carrol County, Virginia Jail. In support of the motion, the appellant argued that *Rexroat* required (but the Navy had failed to provide) a review of his pretrial confinement status by a neutral and detached magistrate within 48 hours of his confinement by civilian authorities.

By stipulation of the parties, it was established that the appellant was confined in the Carrol County Jail on 28 September 1994 following his arrest by a Virginia State Trooper on a charge of driving a motor vehi-

cle with a suspended driver's license. He remained in jail until 7 October 1994, when his civilian charges were finally resolved. He was returned to military control on that same date, at which point he was ordered into pretrial confinement in the Navy Brig. The Initial Review Officer (IRO) letter from the appellant's command was not received by the brig until 13 October 1994.

The military judge ruled that the appellant was entitled to 4 days of administrative credit under *Rexroat,* for his pretrial confinement in the Navy Brig from 9 October 1994 through 13 October 1994, because it was "uncontested" that the IRO letter from the command, received by the brig on 13 October 1994, was not written within 48 hours of the appellant's return to military control on 7 October 1994. *Record* at 27. The military judge denied the appellant any additional credit, reasoning that the 48–hour period within which a probable-cause review of the appellant's pretrial confinement must be made, did not commence until the appellant was returned to military control on 7 October 1994. Distinguishing *United States v. Stuart,* 36 M.J. 746 (A.C.M.R.1993)(holding that the 48–hour period for a probable cause review of pretrial confinement begins when civilian authorities detain a service member for a military offense "with notice to and approval of the military authorities"), the military judge observed that "the situation in *Stuart* involved civilian authorities holding the absentee solely for return to the Army." *Record* at 27. Because the appellant did not prove that he had been detained by civilian authorities strictly for a military offense, with notice and approval of the Navy, the military judge concluded that *Stuart* did not apply and that no part of the civilian confinement qualified for *Rexroat* credit. On the other hand, the military judge ordered that the appellant be given *Allen* [2] credit for the period of time he was confined in the civilian jail.[3]

---

II. A BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE. (Footnote omitted).

**2.** *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).

**3.** *Compare United States v. Huelskamp,* 21 M.J. 509 (A.C.M.R.1985)(soldier was entitled to *Allen* credit for time spent in pretrial confinement in a civilian jail under the direction of military authorities); *United States v. Davis,* 22 M.J. 557 (A.C.M.R.1986)(*Allen* credit applied for time

■ We agree with the military judge that the burden was on the appellant to prove that his confinement in the Carrol County Jail was strictly for a military offense, with notice and approval of the Navy, in order to be entitled to *Rexroat* credit against his adjudged court-martial sentence based upon lack of a timely probable-cause review. *See United States v. Scheffer*, 41 M.J. 683 (A.F.Ct.Crim.App.1995)(when accused's official custody is not at the direction of military authority, 48–hour clock does not start until military commander orders him into pretrial confinement). *See also United States v. Rexroat*, 38 M.J. at 295 (48 hours starts at the time the commander actually orders the service member into pretrial confinement, not the time he was taken into custody). *Compare United States v. Ballesteros*, 29 M.J. 14 (C.M.A.1989)(military accused arrested by civilian authorities for a *military* offense, and detained from day one in civilian jail with knowledge and approval of military authorities, entitled to administrative credit against adjudged sentence for lack of timely magisterial review under R.C.M. 305(k), in addition to *Allen* credit).

■ Based upon the only evidence he had before him, the military judge found that the appellant's confinement in the Carrol County Jail was "motivated by a combination of military absenteeism and civilian charges." *Record* at 28. Because the decision of the civilian authorities to incarcerate the appellant was based, at least in part, on the pendency of their own criminal charges against him, we hold that the military judge properly concluded that the Navy was not required to provide a probable-cause review of the appel-

lant's pretrial confinement at any time during the period he was confined in the Carrol County Jail.[4] The military judge also correctly determined that review by a neutral and detached official was required within 48 hours after the appellant was returned to military control and was ordered into pretrial confinement in the Navy Brig. *See County of Riverside v. McLaughlin*, 500 U.S. at 57–58, 111 S.Ct. at 1670–71; *United States v. Rexroat*, 38 M.J. at 295. Because the military judge granted appellant all the relief to which he was entitled, the first assignment of error is without merit.

■ Regarding the appellant's second assignment of error, we specifically find that the appellant's sentence, which included an unsuspended bad-conduct discharge, is not inappropriately severe.

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Senior Judge KEATING and Senior Judge CLARK concur.

---

spent in pretrial custody at the insistence of Federal authorities in connection with the offense or act for which a sentence to confinement by court-martial ultimately was imposed); *United States v. Dave*, 31 M.J. 940 (A.C.M.R.1990)(soldier tried by court-martial must be given sentence credit for time spent in pretrial custody by local civilian authorities in connection with the offense or acts solely for which a sentence to confinement by a court-martial is ultimately imposed).

4. As alluded to by the military judge during the discussion on the record of the appellant's motion, the civilian authorities of the Commonwealth of Virginia are equally bound to comply with the rules laid down by the U.S. Supreme Court in *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) regarding a pretrial detainee's right to a prompt probable cause determination as a prerequisite to continued pretrial detention pending disposition of criminal charges. *Record* at 27. There is nothing in this record to suggest that the civilian authorities failed to comply with their independent requirement to provide a prompt judicial determination of probable cause in connection with the prosecution of the appellant for the state crime of which he was ultimately convicted.