UNITED STATES, Appellee

v.

James M. McLEOD, Staff Sergeant
U.S. Army, Appellant.

No. 93–0771.
CMR No. 9102729.

U.S. Court of Military Appeals.

Submitted Oct. 18, 1993.

Decided June 9, 1994.

For Appellant: *Lieutenant Colonel James H. Weise, Major Fran W. Walterhouse, Captain David L. Thomas* (on brief).

For Appellee: *Colonel Dayton M. Cramer, Major James L. Pohl, Major Joseph C. Swetnam, Captain Glenn L. Kirschner* (on brief).

PER CURIAM:

This Court granted review to consider whether appellant was entitled to an additional 3 days of credit toward the service of his sentence to confinement, because of an untimely review of probable cause to confine him. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); RCM 305(k), Manual for Courts-Martial, United States, 1984. Having considered the evidence, we conclude that appellant's confinement was reviewed in a timely manner, and we affirm the decision of the Court of Military Review.

Appellant was ordered into pretrial confinement by his company commander on August 19, 1991. The company commander's initial decision to confine appellant was reviewed and approved on the same day by both the brigade commander and the staff judge advocate, as required by local regulation. Five days later, a military magistrate reviewed appellant's confinement in accordance with RCM 305(i).

The Court of Military Review agreed with appellant's assertion that the command had not complied with *McLaughlin.* That court, however, declined to award appellant additional credit because he had served his confinement, there were no adjudged forfeitures against which his confinement could be credited, and the credit due was *de minimis* in relation to the bad-conduct discharge which was adjudged. 36 MJ 720.

We hold that the Court of Military Review erred in its conclusion that *McLaughlin* had been violated. Review by appellant's brigade commander and the staff judge advocate satisfied the requirement that the initial decision to confine be considered by a neutral and detached individual. There is no evidence in this case that the brigade commander or the staff judge advocate was "directly or particularly involved in the command's law enforcement function." *See United States v. Rexroat,* 38 MJ 292, 298 (CMA 1993), *quoting United States v. Lynch,* 13 MJ 394, 397 (CMA 1982), *cert. denied* in *Rexroat,* ——

U.S. ——, 114 S.Ct. 1296, —— L.Ed.2d ——
(1994).

The decision of the United States Army Court of Military Review is affirmed.