**UNITED STATES, Appellee,**

v.

**Jerry J. LAMB, Airman Recruit,
U.S. Navy, Appellant.**

No. 97–0132.
Crim.App. No. 95–0267.

U.S. Court of Appeals for
the Armed Forces.

Submitted May 16, 1997.

Decided Jan. 13, 1998.

For Appellant: *Lieutenant Syed N. Ahmad*, JAGC, USNR (on brief).

For Appellee: *Colonel Charles Wm. Dorman*, USMC, *Commander D.H. Myers*, JAGC, USN, and *Lieutenant Bennett J. Lee*, JAGC, USNR (on brief); *Lieutenant David M. Harrison*, JAGC, USNR.

PER CURIAM:

A military judge sitting as a special court-martial convicted appellant, in accordance with his pleas, of three unauthorized absences from his unit and missing his ship's movement through design, in violation of Articles 86 and 87, Uniform Code of Military Justice, 10 USC §§ 886 and 887. The adjudged and approved sentence imposes a bad-conduct discharge, confinement for 120 days, and forfeiture of $550.00 pay per month for 4 months. The Court of Criminal Appeals affirmed the findings and sentence. 44 MJ 779 (1996).

This Court granted appellant's petition for review to determine whether he is entitled under *Rexroat* to additional credit for confinement by civilian authorities.* We hold that he is not.

In a written stipulation of fact, the parties agreed that "[o]n 20 May 1994, AR Lamb began a period of unauthorized absence" from his ship, and that on September 28, 1994, while he was still absent from his ship, he "was pulled over in a routine traffic stop and he surrendered himself to a Virginia State trooper."

Before entering pleas, appellant made a timely motion for *Rexroat* credit. The parties orally stipulated to the following additional facts:

That Airman Lamb was pulled over in a traffic stop by a Virginia State Trooper on 28 September [1994]; that he was charged

---

* The granted issue is "[w]hether the military judge erred when he ruled that appellant, who was confined on behalf of the military by civilian authorities, was not confined in violation of *United States v. Rexroat*, 38 MJ 292 (CMA 1993)."

in Carroll County with driving on a suspended license; that Carroll County authorities notified the Navy of his apprehension; that he was held in Carroll County jail until 7 October; turned over to naval authorities and confined in the Naval Brig on 7 October; and that the IRO [Initial Review Officer's] letter from the command was received by the Naval Brig on 13 October; and that pretrial confinement based solely on a suspended license charge would be considered unusual by Carroll County authorities.

The defense introduced a Navy "Movement Authorization" reflecting that appellant was apprehended by the Virginia State Police on September 28, 1994, and that he was convicted of driving with a suspended license and sentenced to time served. Neither side presented any additional evidence on the reasons for or circumstances surrounding appellant's confinement by civilian authorities. The military judge granted appellant *Rexroat* credit for the period from October 9–13 but denied credit for the time appellant was in civilian confinement.

Appellant now asserts that he was confined by Carroll County authorities because "he was wanted by the military and at the request of the military." He argues that, even if he was held for both civilian and military offenses, military authorities must still comply with the 48–hour rule of *Rexroat*.

■ RCM 305, Manual for Courts–Martial, United States (1995 ed.), was promulgated to comply with the Supreme Court's requirements for timely review of pretrial confinement. *See Rexroat*, 38 MJ at 295. RCM 305 must be followed if a military member is confined by civilian authorities for a military offense and with notice and approval of military authorities. *See United States v. Ballesteros*, 29 MJ 14, 16 (CMA 1989).

A request for *Rexroat* credit is made by a motion for appropriate relief. *See United States v. McCants*, 39 MJ 91, 93 (CMA 1994). Appellant has the burden of proof. *See* RCM 905(c).

■ We hold that appellant has failed to carry his burden on two counts. First, he has failed to show that he was confined solely for a military offense. Second, he has failed to show noncompliance with *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), and *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), on which *Rexroat* is based. *See* 44 MJ at 781 n. 4. He does not aver, and the record does not suggest, that the civilian authorities did not comply with *McLaughlin* and *Pugh*. If they did comply, which we presume in the absence of evidence to the contrary, appellant has received his primary legal entitlement of a hearing.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.