UNITED STATES, Appellee,

v.

**Specialist Lance DINGWALL, United States Army, Appellant.**

**ARMY 20000112.**

U.S. Army Court of Criminal Appeals.

4 April 2001.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Jonathan F. Potter, JA; Captain Daniel E. Goldman, JA (on brief).

For Appellee: Colonel David L. Hayden, JA; Lieutenant Colonel Edith M. Rob, JA; Major Anthony P. Nicastro, JA; Captain Paul T. Cygnarowicz, JA (on brief).

Before MERCK, Senior Judge, CURRIE, and NOVAK, Appellate Military Judges.

## OPINION OF THE COURT

MERCK, Senior Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of desertion, larceny (four specifications), and stealing mail (five specifications), in violation of Articles 85, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 921, and 934 [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-six months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to Private E1. Appellant was granted sixty days of confinement credit.

This case is before the court for mandatory review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We have considered the record of trial, appellant's assignment of error,[1] the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the government's reply. The matters submitted pursuant to *Grostefon* are without merit; however, appellant's assignment of error warrants discussion and appropriate relief.

## FACTS[2]

Appellant deserted the U.S. Army on 2 September 1999. At 0600 hours (Pacific Standard Time), 14 December 1999, California law enforcement officers apprehended appellant at his parents' home. His commander at Fort Bragg, North Carolina, was notified of his apprehension through the AWOL apprehension military police (MP) section on 14 December 1999 and ordered his return to Fort Bragg. The civilian authorities did not conduct a bail hearing or probable cause determination to decide the validity of appellant's confinement. On 15 December 1999, MPs were dispatched to California to escort appellant back to Fort Bragg. Appellant was released to Fort Bragg MPs at 1300 hours on 16 December 1999. At 1500 hours (Eastern Standard Time) on 16 December 1999, fifty-four hours after appellant was arrested, appellant's brigade commander conducted the 48-hour probable cause determination required by Rule for Courts–Martial [hereinafter R.C.M.] 305(i)(1). Appellant arrived at Fort Bragg at approximately 1200 hours on 17 December 1999. A review of the pretrial confinement was done by a military

magistrate in accordance with R.C.M. 305(i)(2), at 1500 hours on 17 December 1999.

## DISCUSSION

At trial, the government conceded that appellant was entitled to day-for-day credit against his sentence to confinement for the time he spent in pretrial confinement. *See United States v. Allen*, 17 M.J. 126 (C.M.A. 1984); *United States v. DeLeon*, 53 M.J. 658 (Army Ct.Crim.App.2000). However, appellant asserted at trial and asserts on appeal that he is also entitled to credit in accordance with R.C.M. 305(k) because the government failed to provide him with a probable cause determination within 48 hours of imposition of confinement under military control, as required by R.C.M. 305(i).[3] Appellant bases this assertion on two grounds: first, the review was untimely, and second, his brigade commander was not neutral and detached.[4] The military judge held, and the government argues on appeal, that the government "substantially complied" with the 48–hour requirement of R.C.M. 305(i)(1).[5]

### I. History of Requirements for Timely Review of Pretrial Confinement

Rule for Courts–Martial 305(i)(1), as it existed in the 1984 *Manual for Courts–Martial*, stated, "A review of the adequacy of probable cause to believe the prisoner has committed an offense and of the necessity for continued confinement shall be made within 7 days of the *imposition of confinement*." (Emphasis added). This version of the Rule applied not only when a servicemember was confined in a military facility but also when a soldier was "arrested by civilian authorities for a military offense and detained . . . with notice and approval of military authorities."

1. THE MILITARY JUDGE ERRED WHEN HE DENIED SPC DINGWALL ADMINISTRATIVE CREDIT UNDER R.C.M. 305(k), BECAUSE THERE WAS NO 48–HOUR PROBABLE CAUSE REVIEW OF HIS PRETRIAL CONFINEMENT IN ACCORDANCE WITH R.C.M. 305(i).

2. These facts were stipulated to by the parties at trial or are undisputed averments in appellant's motion at trial.

3. It is apparent from appellant's brief that he is referring to R.C.M. 305(i)(1).

4. "[A] commander is not *per se* disqualified to make the initial probable cause review...."

*United States v. Rexroat*, 38 M.J. 292, 297 (C.M.A. 1993); *see also United States v. McLeod*, 39 M.J. 278 (C.M.A.1994). In any event, appellant failed to raise this issue at trial. The merits of this issue, if any, were waived. *United States v. McCants*, 39 M.J. 91, 93 (C.M.A.1994)(failure to request 305(k) relief constitutes waiver); R.C.M. 905(e).

5. Because of our disposition of this issue, we specifically do not decide whether the requirements of R.C.M. 305(i) may be satisfied by "substantial compliance."

*United States v. Ballesteros*, 29 M.J. 14, 16 (C.M.A.1989); *cf. United States v. DeLoatch*, 25 M.J. 718, 719 (A.C.M.R.1987). This rationale relied on the fact that "R.C.M. 305, ma[de] no distinction ... between confinement authorized by appellant's commander and that authorized by other competent authority." *DeLoatch*, 25 M.J. at 719; *see also Ballesteros*, 29 M.J. at 16 (agreeing with the rationale of *DeLoatch*).

In December 1992, we determined that *County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991)(judicial determinations of probable cause within 48 hours of a warrantless arrest are presumed to be prompt) required the government to comply with the new 48–hour presumption in the military. *United States v. Rexroat*, 36 M.J. 708, 713 (A.C.M.R. 1992)(en banc), *aff'd on this issue*, 38 M.J. 292 (C.M.A.1993). A month later in *United States v. Stuart*, 36 M.J. 746, 748 (A.C.M.R. 1993), we held that when a soldier is "arrest[ed] by civilian authorities with notice and approval of military authorities," the 48–hour *McLaughlin/Rexroat* clock begins to run.

In December 1993,[6] the President amended R.C.M. 305(i)(1) adding the triggering requirement for review of pretrial confinement that the prisoner be "under military control." *Manual for Courts-Martial, United States* (2000 ed.)[hereinafter *MCM*, 2000], app. 25, A25–12, A25–16. The analysis to the amendment states:

6. Effective in January 1994.

7. The 1993 amendment did not incorporate the *McLaughlin/Rexroat* 48–hour presumption.

8. We are aware that:
 The Analysis sets forth nonbinding views of the drafters as to the basis for each rule or paragraph, as well as the intent of the drafters, particularly with respect to the purpose of substantial changes in present law. The Analysis is intended to be a guide in interpretation. [I]t is important to remember that the Analysis solely represents the views of staff personnel who worked on the project, and does not necessarily reflect the views of the President in approving it....
 *MCM*, 2000 at A21–3.

9. The court stated that R.C.M. 305 had been promulgated to comply with the Supreme

[T]he required review only becomes applicable whenever the accused is confined under military control. For example, if the prisoner was apprehended and is being held by civilian authorities as a military deserter in another state from where the prisoner's unit is located and it takes three days to transfer the prisoner to an appropriate confinement facility, the seven day[7] period under this rule would not begin to run until the date of the prisoner's transfer to military authorities.

*MCM*, 2000 at A21–19.[8] In January 1998, in analyzing the applicability of R.C.M. 305, our superior court decided that R.C.M. 305[9] "must be followed if a military member is confined by civilian authorities for a military offense and with notice and approval of military authorities." *United States v. Lamb*, 47 M.J. 384, 385 (1998).[10]

## II. Interpretation and Application of the Current R.C.M. 305(i)

In May 1998, the current version of R.C.M. 305(i)(1) took effect and states:

Review of the adequacy of probable cause to continue pretrial confinement shall be made by a neutral and detached officer within *48 hours* of imposition of confinement *under military control*. If the prisoner is apprehended by civilian authorities and remains in civilian custody at the request of military authorities, reasonable

Court's requirements for timely review of pretrial confinement. *United States v. Lamb*, 47 M.J. 384, 385 (1998) (citing *Rexroat*, 38 M.J. at 295 and *Manual for Courts–Martial, United States* (1995 ed.)). *Lamb* was decided in January of 1998, over four months before the promulgation of the present R.C.M. 305(i).

10. *Lamb* could be interpreted to mean that a soldier is *under military control* for purposes of R.C.M. 305(i)(1) when the "military member is confined by civilian authorities for a military offense and with notice and approval of military authorities." However, this interpretation conflicts with the plain language of R.C.M. 305(i)(1) which provides, in part, that if a soldier "is apprehended by civilian authorities and remains in civilian custody at the request of military authorities, reasonable efforts will be made to *bring the prisoner under military control* in a timely fashion," (emphasis added).

efforts will be made to bring the prisoner *under military control* in a timely fashion. (Emphasis added). In addition to attempting to incorporate the *McLaughlin/Rexroat* presumption into R.C.M. 305(i)(1),[11] the 1998 amendment also maintained the change made by the 1993 amendment which triggered the requirement for review only when the prisoner came "under military control," rather than merely on "imposition of confinement," as required by the pre–1993 Rule.

The current R.C.M. 305(i)(1) requires that if a servicemember is apprehended by civilian authorities and remains in civilian custody at the request of military authorities:

(1) "[R]easonable efforts [must] be made to bring the prisoner under military control in a timely fashion"; and

(2) "Review of the adequacy of probable cause to continue pretrial confinement [must] be made by a neutral and detached officer within 48 hours of imposition of confinement under military control."

■ We must, however, determine when a military prisoner apprehended by civilian authorities and being held in civilian custody at the request of military authorities comes under military control for purposes of R.C.M. 305(i)(1).[12] The clearest statement of when a prisoner is "under military control" comes from the drafters: when the prisoner is "transferred to military authorities." *MCM*, 2000 at A21–19.

Applying the 1998 version of R.C.M. 305(i), we find the following: Appellant was brought under military control at 1300 hours on 16 December 1999 when he was released to the

military police; at 1500 hours on 16 December 1999, his brigade commander conducted a 48–hour probable cause determination; and a military magistrate conducted a review of the pretrial confinement at 1500 hours on 17 December 1999. Thus, the 48–hour probable cause determination to continue confinement required under R.C.M. 305(i)(1) and the 7–day review required under R.C.M. 305(i)(2)[13] were both completed within the time requirements of R.C.M. 305.

### III. The Rexroat/McLaughlin Presumption

■ This does not end our inquiry. While the 1998 amendment apparently attempted to bring R.C.M. 305(i)(1) into compliance with *McLaughlin/Rexroat*, the constitutional standard is not always met by compliance with R.C.M. 305(i)(1). The 48–hour requirement of R.C.M. 305(i)(1) is triggered when the servicemember is brought under military control; however, the constitutional standard is triggered upon warrantless arrest,[14] *McLaughlin*, 500 U.S. at 55–57, 111 S.Ct. 1661, and it also applies to the military, *Rexroat*, 38 M.J. at 295. The 48–hour presumption of *McLaughlin/Rexroat* applies when civilian law enforcement takes a servicemember into custody without a warrant "solely for a military offense." *Cf. Lamb*, 47 M.J. at 385.

Because appellant did not receive a 48–hour probable cause determination in accordance with *Rexroat*, "the burden shift[ed] to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance." *McLaughlin*, 500 U.S.

---

11. While the 1998 *Manual for Courts–Martial* does not include any analysis of the 1998 amendment to R.C.M. 305(i), commentators agree that the primary purpose of the amendment was to incorporate the *McLaughlin/Rexroat* 48–hour presumption into R.C.M. 305(i)(1). *See Francis A. Gilligan & Fredric I. Lederer, Court–Martial Procedure* § 4–65.00 (2d ed.1999).

12. Three words are used synonymously throughout the Rule: apprehended, custody, and confinement. Each of these words has a different meaning. Apprehension is the taking of a person into custody. *Rexroat*, 38 M.J. at 295. Custody may include physical restraint, albeit temporary. *Id.* (citing *United States v. Ellsey*, 16 U.S.C.M.A. 455, 458–59, 37 C.M.R. 75, 78–79, 1966 WL

4610 (1966)). Confinement means to be actually confined, shut in, imprisoned, or detained in a penal institution. *Black's Law Dictionary* 294 (7th ed.1999).

13. An R.C.M. 305(i)(2) review is conducted by a military magistrate. *See* Army Reg. 27–10, Legal Services: Military Justice, paras. 9–3a; 9–5 (24 June 1996).

14. We note that appellant never alleged that the arrest was warrantless. *Cf. United States v. Khamsouk*, 54 M.J. 742, 746 (N.M.Ct.Crim.App. 2001). However, because this issue was not litigated at trial and the parties proceeded as if appellant's arrest was warrantless, we will not rely on appellant's failure of proof in this case.

at 57, 111 S.Ct. 1661. "It is important to note that *McLaughlin* merely sets up a presumption of untimely review when the 48–hour limit is exceeded." *Rexroat*, 38 M.J. at 295. In fashioning the *McLaughlin* presumption, the Supreme Court cautioned: "[C]ourts must allow a substantial degree of flexibility. Courts cannot ignore the often unavoidable delays in transporting persons from one facility to another ... and other practical realities." 500 U.S. at 57, 111 S.Ct. 1661.

 In this case, appellant had been processed as a deserter from his Fort Bragg unit. He was arrested at 0600 hours on 14 December 1999 in California, on the opposite coast from his unit. The next day, 15 December 1999, MPs were dispatched to escort appellant back to Fort Bragg. On 16 December 1999, the MPs took custody of appellant, and his brigade commander conducted a probable cause determination at 1500 hours, 16 December 1999. Appellant returned to Fort Bragg at 1200 hours, 17 December 1999, and within three hours of his return, a magistrate's review was conducted in accordance with R.C.M. 305(i)(2). We recognize the unavoidable delays of transporting appellant from one coast to the other (including transporting the MPs from the east coast to the west coast to obtain custody of appellant), and the fact that the unavoidable delay

was caused by appellant's desertion.[15] However, the brigade commander conducted his probable cause review prior to appellant's return to Fort Bragg. Thus, distance was not a decisive factor. It is possible that the facts underlying appellant's desertion could have established an extraordinary circumstance justifying the probable cause review beyond 48 hours. On this record, however, the government has failed to prove such an extraordinary circumstance.

Therefore, we hold that the government met the timeliness requirements of R.C.M. 305(i) but failed to carry its burden of showing an extraordinary circumstance necessary to overcome the *McLaughlin/Rexroat* presumption.

Accordingly, the findings of guilty and the sentence are affirmed. To moot all claims of prejudice, we grant appellant one additional day of confinement credit.

Judge CURRIE and Judge NOVAK concur.

---

15. An accused's own misconduct cannot be used by government officials as a basis to deny a timely probable cause hearing. *See Hallstrom v. Garden City,* 991 F.2d 1473 (9th Cir.1993).